<hr/>

(94 South. 837)

## SOUTHERN PICKLE & VINEGAR CO. v. WEBB. (6 Div. 32.)

(Court of Appeals of Alabama. June 30, 1922. Rehearing Denied Oct. 24, 1922.)

**1. Time ☞10(8)—Where ninetieth day after judgment is Sunday, appellant may file bill of exceptions next day.**

Where the ninetieth day after judgment is Sunday, appellant may file his bill of exceptions the next day, the rule being to exclude the first and include the last day (Code 1907, § 11).

**2. Corporations ☞423—Not liable for trespass by employees not acting in line and scope of authority.**

That employees of a corporation sued for trespass locked a gate across a street leading from a public road to where plaintiff lived, and that its president would not let an invited guest of plaintiff go through, *held* insufficient to make it liable for such acts, in the absence of evidence as to how it was served thereby, that they related to any of its business, that the employees were acting within the line and scope of their authority, or that the president was not acting independently.

**3. Corporations ☞423—No liability in trespass for acts of officers or agents not pursuant to rules or to accomplish purpose of employment.**

A corporation may not be held liable in trespass vi et armis for direct acts of its officers or agents, unless done pursuant to its rules and regulations, or to accomplish the purposes of the employment.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action in trespass by G. B. Webb against Southern Pickle & Vinegar Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Certiorari denied, 208 Ala. 580, 94 South. 839.

<hr/>

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The appeal was submitted on motion and on merits. The motion is to strike the bill of exceptions, and recites that—

"Said bill of exceptions, or what purports to be a bill of exceptions, was not presented to the trial judge within the time required by law. * * * For that said cause was tried and judgment for appellee entered on October 3, 1921, while said bill of exceptions was presented to the trial judge on January 2, 1922."

Count 3 of the complaint is as follows:

"The plaintiff claims of the defendant, a corporation, the further sum of ten thousand dollars as damages for that, on to wit, the 25th day of March, 1920, the servants, agents, or employees of the defendant, whose names are not known to plaintiff, did, by force and arms, forcibly and unlawfully eject plaintiff without process of law, from the following tract or parcel of land, to wit: Six (6) acres of land, forming a part of the Godden farm near Alton, Ala., and upon which defendant has erected buildings, a better description of which land is unknown to plaintiff. Plaintiff avers that said ejection of plaintiff as aforesaid was willful, wanton, and regardless of the rights of plaintiff, and plaintiff claims punitive damages in addition to actual damages sustained by him as a proximate consequence of the wrongs aforesaid."

M. L. Ward, of Birmingham, for appellant.

Since the ninetieth day was Sunday, that day is excluded. Monday, January 2, 1922, was the last day, and the bill of exceptions was presented in time. Code 1907, § 11. There was no evidence to show that Weaver, when he ordered plaintiff to leave the premises, was acting within the line and scope of his authority, and the general affirmative charge should have been given for defendant.

Allen & McEwen, of Birmingham, for appellee.

The court cannot give the affirmative charge, where there is a scintilla of evidence from which the jury would have a right to infer any fact authorizing recovery. 2 Mayf. Ry. Co. v. Lacey, 17 Ala. App. 146, 82 South. Rep. Dig. 1445. The authority of an agent may be inferred from his conduct and his apparent authority in connection with the defendant's business. 128 Ala. 477, 30 South. 665; 166 Ala. 216, 52 South. 351; 199 Ala. 164, 74 South. 63; 203 Ala. 158, 82 South. 191.

SAMFORD, J. [1] The motion to strike the bill of exceptions must be overruled. The judgment was rendered October 3, 1921, and the bill of exceptions was presented January 2, 1922. The ninetieth day after judgment is January 1st, but that day being Sunday, appellant is allowed the next day; the rule being to exclude the first and include the last day. Code 1907, § 11.

[2] The first count of the complaint is for a trespass on the lands of plaintiff by the servants, agents, or employees of defendant, acting in the line and scope of their authority, did deprive plaintiff of a road in use by him in going to and from his residence. Assuming that the count properly claimed damages against the defendant, the only evidence to sustain the damnifying act charged in this count is: "There is a street between block D & E known as Montgomery avenue and this street leads from the public road to where plaintiff lived on the Newell property, and there was a gate across this one, and this gate was locked by some of the employees of the defendant," and that Weaver, who was the president of defendant's company, stopped an invited guest of plaintiff and would not let him go through this gate to visit plaintiff. How and in what manner the corporation was served by these employees in these acts is not shown, or that such acts related to any business of the corporation, nor was it shown that such employees, in locking the gate, were acting within the line and scope of their authority or that Weaver, in stopping plaintiff's guest, was not acting independently in this particular. Indeed, it appears more reasonable that he was so acting as it appears from the evidence that he and not the defendant corporation was the purchaser and present owner of the real estate upon which plaintiff was then living and the basis of this suit.

What has been said as to a trespass being committed by servants, agents, or employees of defendant claimed in count 1 will apply to count 2 of the complaint. Count 3 of the complaint claims punitive damages for that defendant's servants, agents, or employees vi et armis unlawfully ejected plaintiff.

[3] The third count of the complaint charges that the "servants, agents, or employees of the defendant did, by force and arms, forcibly and unlawfully eject plaintiff without process of law" from certain lands. It will be observed that this is a charge against the servants, agents, or employees of defendant, and not against the defendant, it nowhere in the count being alleged that such servants, agents, or employees were acting within the line and scope of their authority in doing the damnifying act. While the count may have been subject to demurrer, the defendant company may not be held liable in trespass vi et armis for the direct act of its officers or agents, unless done pursuant to the rules and regulations of the company, or in order to accomplish the purposes of the employment. 7 R. C. L. p. 652, § 654, and note 8; L. & N. Dig. 561, 564; 6 So. Rep. Dig. 1524; 5 So. 636.

There is no evidence in this record that would justify a jury in finding that the servants, agents, or employees of defendant, acting within the line and scope of such employment, pursuant to the mandate of the corporation or in order to accomplish the

purposes of the employment, forcibly ejected plaintiff as alleged in the complaint.

The general charge should have been given for defendant as requested, and, for the error of the court in refusing this charge, the judgment is reversed, and the cause is remanded. Reversed and remanded.